Thomas R. Phinney, State Bar No. 159435
Donna T. Parkinson, State Bar No. 125574
**PARKINSON PHINNEY**
3600 American River Drive, Suite 145
Sacramento, CA 95864
(916) 449-1444 – Main
(916) 449-1440 – Facsimile
Email: tom@parkinsonphinney.com

Attorneys for plaintiff
Elder Creek General Partnership

### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>COLETTE JAMET,<br><br>    Debtor.<br><br>―――――――――――――<br><br>ELDER CREEK GENERAL PARTNERSHIP,<br><br>    Plaintiff,<br><br>vs.<br><br>COLETTE JAMET; PATRICK JAMET; SACRAMENTO LEASING INC.<br><br>    Defendants. | Case No.: 17-27434<br><br>Adv. Proc. No. 19-2020<br><br>DCN: PP-1<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATING TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: June 18, 2019<br>Time: 9:30 am<br>Courtroom: 32<br>Judge Christopher D. Jaime<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

Having considered the above-referenced Motion for Partial Summary Judgment ("Motion") and supporting evidence in this adversary proceeding at Docket Nos. ["DN"] 22 through 28 filed by plaintiff Elder Creek General Partnership ("Plaintiff" or "Elder Creek") pursuant to Federal Rule of Civil Procedure Rule 56 and Federal Rule of Bankruptcy Procedure 7056, the court hereby enters these separate findings of fact and conclusions of law pursuant to Fed. R. Civil Proc. 52 as incorporated by Fed. Rule of Bankr. Proc. 7052.

RECEIVED
June 21, 2019
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006529748

1. The Motion was properly noticed and served, and duly came up for hearing on June 18, 2019.

2. Elder Creek requests that the court enter partial summary judgment on the first and second claims for relief in the complaint that was filed by Elder Creek in this proceeding on January 30, 2019 ("Complaint").

3. A default judgment has already been entered against defendant Patrick Jamet. Elder Creek's Request for Default Judgment was heard immediately prior to the hearing on this Motion.

4. The remaining defendants in this proceeding are Colette Jamet (sometimes referred to as the "Debtor"), who is the debtor in the parent Chapter 7 case, and Sacramento Leasing, Inc. ("Sacramento Leasing"). Neither defendant has opposed the Motion. Elder Creek's evidence in support of the Motion is not controverted. The court grants Elder Creeks Request for Judicial Notice at DN 26.

5. The Motion concerns two real properties: (1) the Debtor's residence at 6801 LaMans Ave, Citrus Heights, California ("Residence"), and (2) the Debtor's property at 6831 Grant Line Rd at Sloughhouse California ("Sloughhouse Property").

6. The Debtor Colette Jamet acquired the Sloughhouse Property in 2009. In 2016, unbeknownst to Elder Creek, Ms. Jamet transferred the Sloughhouse Property to her to her son, Patrick Jamet, twelve days after Elder Creek obtained an Order Granting Summary Judgment against Ms. Jamet as a guarantor of a breached lease. See Exhibits 1 and 5 to the Exhibits in support of Motion at DN 26 (hereafter, "Exhibits"). The transfer was for no consideration. The Debtor did retain an equitable interest in the property after it was transferred. Her son subsequently transferred the property back to Ms. Jamet shortly before it was foreclosed on in January of 2019. That foreclosure resulted in surplus sale proceeds of approximately $112,000 ("Sale Proceeds"), after paying the deed of trust of the foreclosing creditor.

7. Elder Creek and Sacramento Leasing have asserted judgment liens on the Residence and the Sale Proceeds. This adversary proceeding and the Motion for Partial

{312/00001/TRP/A0386698.DOCX}    2

Summary Judgment concern the two causes of action in the Complaint that pertain to the validity and the priority of the respective judgment liens on the Residence and on the Sale Proceeds. In its Motion, the Plaintiff requests summary judgment on the first claim for relief, which is that Elder Creek's lien on the Residence is superior to any claim of Sacramento Leasing, and summary judgment on the second claim for relief, which is that Elder Creek holds a lien on the Sale Proceeds, which is superior to any claim of Sacramento Leasing, and that Elder Creek is entitled to the Sale Proceeds in partial satisfaction of its judgment against Ms. Jamet.

8. The parties' claims arise from the following events which are not disputed. As to Sacramento Leasing, in September of 1986 it obtained a $75,000 judgment against Ms. Jamet as a guarantor of a lease. It recorded abstracts of judgment in April 1987 and August 1988. Exhibits 13 and 14. It filed an application for renewal on November 7 1995, it obtained a certified copy of the November 7, 1995 application for renewal on December 8th 1995, and it recorded a certified copy of the November 7, 1995 application for renewal on December 13, 1995. Exhibit 15.

9. Sacramento Leasing then filed another application for renewal on October 20, 2005, it obtained a certified copy of that October 20, 2005 application for renewal on January 12, 2006, and then it recorded the October 20, 2005 application for renewal on January 30, 2006. Exhibit 16.

10. On October 19, 2015, Sacramento Leasing filed another application for renewal, it obtained a certified copy of that application for renewal October 19, 2015 and it recorded that application for renewal on October 20, 2015. Exhibit 17.

11. As to Elder Creek, in September 2016 it obtained a judgment against Ms. Jamet in the amount of $218,703.08 as a guarantor of a lease. The judgment was supplemented on January 3, 2017 with the addition of $97,312.50 in attorneys' fees and costs. Elder Creek recorded abstracts of judgment for the $218,703.08 judgment in January 2017 (Exhibit 3) and another abstract of judgment for the $97,312.50 supplement to the judgment in April 2017 (Exhibit 4).

12. Under California Code of Civil Procedure ("CCP") § 683.180(a), if a judgment is renewed, a lien based upon the judgment is extended for 10 years from date the application for renewal is filed, *if* the application for renewal is recorded before the lien expires. Applying this rule and the related rules under the CCP, this means that Sacramento Leasing's filing of the November 7, 1995 application for renewal extended Sacramento Leasing's judgment for 10 years. When Sacramento Leasing recorded the November 7, 1995 application on December 13, 1995, that had the effect of extending the judgment lien for 10 years from the November 7, 1995 filing date, or in other words, to November 7, 2005. That also means that in order for Sacramento Leasing to have further extended the judgment lien beyond November 7, 2005, it would have had to have (1) timely renewed the judgment, which it did by filing the October 20, 2005 application for renewal, and (2) recorded a certified copy of the October 20, 2005 application for renewal before the lien expired on November 7, 2005, which it did not do. Sacramento Leasing did not obtain a certified copy of the October 20, 2005 application for renewal until January 12, 2006 and then it did not actually record that certified copy of the application for renewal until January 30, 2006. As a result, based on the undisputed facts and the applicable law, any judgment lien that Sacramento Leasing had expired or terminated on November 7, 2005. There was no lien in existence for Sacramento Leasing to renew when the October 2005 application for renewal was recorded in January of 2006. Nor was there any lien to renew when the subsequent application for renewal was recorded on October 20, 2015.

13. Sacramento Leasing's applications for renewal of judgment (<u>Exhibit 15</u> and <u>16</u>) were also ineffective to create a new lien at either point in time because lien creation is done by recording an abstract of judgment on the statutorily prescribed form. The application for renewal is not on the statutorily prescribed abstract of judgment form. The use of the abstract of judgment form is mandatory and must include all of the information required by CCP § 674. As is outlined in the motion, there are numerous elements that need to be included in an abstract of judgment, seven of which required elements were not included in Sacramento Leasing's applications for renewal. Accordingly, Sacramento

1　　Leasing's subsequent applications for renewal after November 2005 did not create any new lien in favor of Sacramento Leasing. In turn, that means that when Elder Creek recorded its abstracts of judgment in 2017, its lien became the superior lien on the Debtor's Residence, and the superior lien on the Sloughhouse Property, subject to the existing deed of trust on the Sloughhouse Property.

14.　　When the Sloughhouse Property was foreclosed on in January 2019, Elder Creek's lien extended to Sale Proceeds. This is the case despite Ms. Jamet's purported transfer of the Sloughhouse Property to her son in June 2016 (<u>Exhibit 5</u>). Ms. Jamet retained an equitable interest in the property, as shown by all of the facts, including that Patrick Jamet later transferred it back to her. Pursuant to CCP § 697.340(a), Elder Creek's judgment lien attached to Ms. Jamet's equitable interests in the Sloughhouse Property, which means its lien attached to the Sloughhouse Property at the time it recorded its abstracts of judgment.

15.　　Further, as to Elder Creek, Ms. Jamet's transfer of the Sloughhouse Property was part of an agreed course of action between her and Patrick Jamet made with the intent by both parties to hinder, delay and defraud Elder Creek, and in an effort to protect the Sloughhouse Property from levy by Elder Creek. Patrick Jamet did not provide any consideration for the transfer. Given these facts, the transfer was ineffective, and can be disregarded as to Elder Creek and its judgment, and as to the validity of its judgment lien on the Sloughhouse Property. Civil Code § 3439.07(c) provides that concerning an avoidable transfer of property, the creditor may levy on the property transferred. For this further reason, Elder Creek's judgment lien attached to the Sloughhouse Property when it recorded its Abstracts of Judgment.

16.　　For the foregoing reasons, as to the first claim for relief, the motion is granted and judgment will be entered for the plaintiff against the defendants jointly and severally, and as to the second claim for relief, the motion is granted and judgment will be entered for

//

//

1  the plaintiff against the defendants jointly and severally.  As to the second claim for relief,
2  Elder Creek is further entitled to be paid the Sale Proceeds, which are held by the
3  foreclosure trustee National Default Servicing Corporation (see <u>Exhibit 18</u>).

**Dated:** June 22, 2019

_____
Christopher D. Jaime, Judge
United States Bankruptcy Court